IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALICIA MCIVER and NATASHA PIERCE, on behalf of themselves and all others similarly situated, </br></br>             Plaintiffs,</br></br>     v.</br></br>GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO INDEMNITY COMPANY,</br></br>             Defendants. | 1:20CV839 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs, Alicia Mciver ("Mciver") and Natasha Pierce ("Pierce"), on behalf of themselves and all others similarly situated, initiated this class action in Guilford County Superior Court on July 2, 2020, against Defendants, Government Employees Insurance Company ("GEICO") and GEICO Indemnity Company. (ECF No. 1-1.) Plaintiffs removed the action to this Court on September 11, 2020, pursuant to 28 U.S.C. §§ 1332, 1441, 1453 and 1446. (ECF No. 1.) Plaintiffs amended their Complaint on November 3, 2020, alleging Breach of Contract, Violation of North Carolina Unfair and Deceptive Trade Practices Act, and seeking Declaratory Relief. (ECF No. 15.) Before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 17.) Alternatively, Defendants request that the Court stay these proceedings and compel appraisal

or dismiss in part under Rule 12(b)(1). (*Id.*) For the reasons stated below, Defendants' Motion to Dismiss will be granted.

I. BACKGROUND

This case arises from insurance policies purchased by Plaintiffs from Defendants GEICO and GEICO Indemnity Co. (ECF No. 15 ¶¶ 20, 32.) Under each insurance policy, GEICO agreed to "pay for direct and accidental loss to [Plaintiffs'] covered auto or any non-owned auto, including their equipment." (*Id.* ¶ 52) (emphasis omitted). The policy further provides that GEICO's liability is limited to "the lesser of" (1) the "[a]ctual cash value of the stolen or damaged property," or (2) the "[a]mount necessary to repair or replace the property with other property of like kind and quality." (*Id.* ¶ 57.) Although "actual cash value" is not defined in the policy, the policy does provide that "[a]n adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss." (*Id.* ¶¶ 57, 59.)

Plaintiff Mciver was in a traffic collision on July 14, 2017 and made an insurance claim with GEICO. (*Id.* ¶ 21.) The company determined that the vehicle was a total loss. (*Id.* ¶ 22.) To determine the value of Mciver's claim, GEICO estimated the vehicle's base value, added a condition adjustment, and subtracted Mciver's deductible. (*Id.* ¶ 28.) GEICO's third-party vendor estimated that the North Carolina vehicular tax of 3% ("sales tax") on Mciver's vehicle was equal to $76.59; however, GEICO did not include sales tax or Vehicle Title and Registration Fees ("registration fees") in its estimation of Mciver's claim. (*Id.* ¶¶ 25, 30.) Mciver elected to keep her vehicle. (*Id.* ¶ 28.) Thus, GEICO subtracted from its payment a retention amount, and paid Mciver $1,837.02. (*Id.*)

2

Plaintiff Pierce was in a traffic collision on July 19, 2019, and likewise made an insurance claim. (*Id.* ¶ 33.) GEICO also determined Pierce's vehicle was totaled, and Pierce also elected to keep her car. (*Id.* ¶¶ 34, 40.) Using the calculations described above, GEICO offered Plaintiff a net payment of $1,058. (*Id.* ¶ 40.) Unlike Mciver's claim, however, GEICO did include sales taxes of $36.99 in its payment to Pierce. (*Id.*) This payment did not include registration fees. (*Id.*)

Plaintiffs argue that in the case of a total loss, Defendants were required by the policies to pay full "actual cash value" which, they argue, includes sales taxes and registration fees. (*Id.* ¶ 18.) Defendants move to dismiss Plaintiffs claims arguing that "actual cash value" under the policy does not include sales tax and registration fees, and therefore, Plaintiffs' action should be dismissed for failure to state a claim. (ECF Nos. 17, 18.)

## II. STANDARD OF REVIEW

### A. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

3

U.S. at 570). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). The court can, however, properly consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

"In a contract dispute, 'the construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim.'" *1899 Holdings, LLC v. 1899 Liab. Co.*, 568 F. App'x 219, 224 (4th Cir. 2014) (quoting *Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992)). Under North Carolina law, "[a]n ambiguity exists where the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties." *Duke Energy Corp. v. Malcom*, 630 S.E.2d 693, 696 (N.C. Ct. App. 2006).

### III. DISCUSSION

In support of its motion to dismiss, Defendants first argue that Plaintiffs' Amended Complaint should be dismissed because it fails to state a claim for breach of contract. (ECF No. 18 at 6.) Specifically, Defendants argue that Plaintiffs cannot demonstrate a breach of the policy because the policy did not require that Defendants pay sales tax and registration fees to Plaintiffs following the loss of their vehicles. (ECF No. 18 at 6–10.)

To establish a claim for breach of contract, a plaintiff must show "(1) existence of a valid contract and (2) breach of the terms of that contract." *Montessori Children's House of Durham v. Blizzard*, 781 S.E.2d 511, 514 (N.C. Ct. App. 2016) (quoting *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000)). An insurance policy is a contract, and "its provisions govern the rights and duties of the parties thereto." *Fidelity Bankers Life Ins. Co. v. Dortch*, 348 S.E.2d 794, 796 (N.C. 1986). "As with all contracts, the goal of construction is to arrive at the intent of the parties when the policy was issued." *Woods v. Nationwide Mut. Ins. Co.*, 246 S.E.2d 773, 777 (N.C. 1978). "In construing an insurance policy, 'nontechnical words, not defined in the policy, are to be given the same meaning they usually receive in ordinary speech, unless the context requires otherwise.'" *Brown v. Lumbermens Mut. Cas. Co.*, 390 S.E.2d 150, 153 (N.C. 1990) (quoting *Grant v. Emmco Ins. Co.*, 243 S.E.2d 894, 897 (N.C. 1978)). Further, "ambiguity in the terms of an insurance policy is not established by the mere fact that the plaintiff makes a claim based upon a construction of its language" which the insurance company disputes. *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 172 S.E.2d 518, 522 (N.C. 1970). Instead, ambiguity only exists if "the language of the policy is fairly and reasonably susceptible to either

of the constructions for which the parties contend."[1]  *Id.*  "[I]f the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written."  *Woods*, 246 S.E.2d at 777.

Under North Carolina law, the term "actual cash value" means "[t]he fair or reasonable cash price for which the property could be sold in the market in the ordinary course of business, and not at forced sale."  *Surratt v. Grain Dealers Mut. Ins. Co.*, 328 S.E.2d 16, 20 (N.C. Ct. App. 1985).  The term "actual cash value" is synonymous to the terms "fair market value" and "market value."  *Id.*  The term "market value" is defined as "the actual sale price by a seller willing but not obliged to sell to a buyer willing but not obligated to buy."  *Bumpers v. Cmty. Bank of N. Va*, 747 S.E.2d 220, 228 (N.C. 2013) (internal quotations omitted).  "Actual cash value" can generally be determined using three different tests: (1) "market value of the property"; (2) "the reproduction or replacement cost of the property"; and (3) "the broad evidence rule."  *Surratt*, 328 S.E.2d at 20.

Here, the parties do not dispute that they had a valid contract; rather, they dispute whether Defendants breached the terms of that contract.  Specifically, Plaintiffs argue that Defendants breached the contract by not paying the "actual cash value" of their vehicles.  The policy does not define the term "actual cash value" and the parties dispute the meaning of actual cash value in the policy.  Plaintiffs argue that the meaning of "actual cash value" in the policy is ambiguous because North Carolina courts use the three aforementioned tests to calculate "actual cash value."  This argument is unpersuasive for two reasons.  First, the policy

---

[1] "The trial court's determination of whether the language of a contract is ambiguous is a question of law."  *Salvaggio v. New Breed Transfer Corp.*, 564 S.E.2d 641, 643 (N.C. Ct. App. 2002) (quoting *Bicket v. McLean Sec., Inc.*, 478 S.E.2d 518, 521 (N.C. Ct. App. 1996)).

provides that Defendants will pay the lesser of *either* actual cash value *or* replacement cost. Under North Carolina law, "actual cash value" has been defined to only include the value of the vehicle, and not the added-on costs to replace a vehicle including sales taxes and registration fees. Moreover, including sales taxes and registration fees in the calculation of "actual cash value" would be redundant of the replacement cost provision and would render Defendants' obligation to pay the lesser of the two meaningless. Second, replacement cost is not an alternative definition of "actual cash value" under North Carolina law, but an alternative *metric* for determining "market value." Plaintiffs here do not argue that Defendants calculated the market value of their vehicles incorrectly; rather, they argue that the "actual cash value" also includes sales taxes and registration fees. However, sales taxes and registration fees are not part of a vehicle's value—they are assessed in addition to the vehicle's value. In other words, those taxes and fees "are not part of the price paid to the seller." *Singleton v. Elephant Ins. Co.*, 953 F.3d 334, 338 (5th Cir. 2020). Thus, "actual cash value" is not reasonably susceptible to Plaintiffs' proposed definition of including sales taxes and registration fees, and therefore, Plaintiffs have failed to state a claim for breach of contract.

### IV. CONCLUSION

The Court concludes that Plaintiffs' breach of contract claim must be dismissed for failure to state a claim. Because Plaintiffs remaining claims are based upon a breach of the insurance policy, those claims must also be dismissed. Thus, Defendants' Motion to Dismiss for failure to state a claim is granted, and this action is dismissed.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 17), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** and this action is **DISMISSED**.

This the 28th day of September 2021.

<u>/s/ Loretta C. Biggs</u>
United States District Judge